E-FILED
Friday, 23 October, 2020  10:05:22 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division**

**DARRELL RADSON,**

       **Plaintiff,**

**v.**

                              **Case No. 18-1374**

**BRADLEY UNIVERSITY,**

       **Defendant.**

**COURT'S PROPOSED JURY INSTRUCTIONS**

Members of the jury, you have seen and heard all the evidence and will hear the arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Court's 1:  General (Agreed Instruction 1)
7th Cir. Pattern 1.01

In this case the defendant is a university.

All parties are equal before the law. A university is entitled to the same fair consideration that you would give any individual person.

Court's 2:  All Litigants Equal (Agreed Instruction 4)
7th Cir. Pattern 1.03

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

Court's 3:  What is Evidence (Agreed Instruction 3)
7th Cir. Pattern 1.04

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Court's 4:  What is not Evidence (Agreed Instruction 5)
7th Cir. Pattern 1.06

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Court's 5:  Notes (Agreed Instruction 7)
7th Cir. Pattern 1.07

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Court's 6:  Who Produced Evidence (Agreed Instruction 8)
7th Cir. Pattern 1.08

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

Court's 7:  Inference (Agreed Instruction 10)
7th Cir. Pattern 1.11

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should decide how much weight to give to any evidence.  In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Court's 8:  Direct and Circumstantial Evidence (Agreed Instruction 11)
7th Cir. Pattern 1.12

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-the witness's memory;

-any interest, bias, or prejudice the witness may have;

-the witness's intelligence;

-the manner of the witness while testifying;

-and the reasonableness of the witness's testimony in light of all the evidence in the case.

Court's 9:  Judging Credibility (Agreed Instruction 12)
7th Cir. Pattern 1.13

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different.  If you decide that before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Court's 10:  Prior Inconsistencies (Defendant's 1)
Seventh Circuit Pattern Jury Instructions 1.14

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Court's 11: Number of Witnesses
Seventh Circuit Pattern Jury Instructions 1.17

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Court's 12:  Absence of Evidence (Agreed Instruction 14)
7th Cir. Pattern 1.18

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Court's 13:  Burden of Proof (Agreed Instruction 15)
7th Cir. Pattern 1.27

Radson claims that he was removed from his position as Dean by Bradley University in retaliation for his opposition to discrimination on the basis of national origin. To succeed in this claim, Radson must prove by a preponderance of the evidence that Bradley University removed him because of his opposition to discrimination on the basis of national origin. To determine that Radson was removed from his position because of his opposition to discrimination on the basis of national origin, you must decide that Bradley University would not have removed Radson from office if he had not opposed discrimination and everything else had been the same.

If you find that Radson has proved this by a preponderance of the evidence, then you must find for him.  However, if you find that Radson did not prove this by a preponderance of the evidence, then you must find for Bradley University.

Court's 14: Retaliation (given over Plaintiff's 1 and Defendant's 3)
7th Cir. Pattern 3.02

Federal law makes it unlawful for an employer to remove an employee from a position of employment because that employee has opposed impermissible discrimination. In order to prove his case Radson need not show that the practice he opposed constituted discrimination as a matter of law.  He may be mistaken in that regard and still prevail on his claim. However, his opposition must be based on a good-faith and reasonable belief that he is opposing unlawful conduct. If Radson did not honestly believe that he was opposing discrimination, or if his belief is objectively unreasonable, then his opposition is not protected by the statute.

Court's 15: Good Faith Basis (Plaintiff's Proposed 2)
O'Leary v. Accretive Health, Inc., 657 F.3d 625, 630-631 (7th Cir. 2011)

In deciding Radson's claim, you should not concern yourselves with whether Bradley University's actions were wise, reasonable, or fair. Rather, your concern is only whether Radson has proved that Bradley University removed him as Dean in retaliation for complaining about national origin discrimination.

Court's 16: Retaliation (Defendant's Proposed 4)
7th Cir. Pattern 3.07

If you find that Radson has proved his claim against Bradley, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

Plaintiff must prove his damages by a preponderance of the evidence. If you find that Radson has failed to prove his claim, then you will not consider the question of damages.

Court's 17: Damages (Agreed Instruction 16)
7th Cir. Pattern 3.09

You may award compensatory damages only for injuries that Radson has proved by a preponderance of the evidence were caused by Bradley University's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

The emotional pain and suffering that Radson has experienced.  No evidence of the dollar value of emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Radson for the injury he has sustained.

Court's 18: Compensatory Damages (given over Plaintiff's 3 and Defendant's 5)
7th Cir. Pattern 3.10

If you find for Radson, you may, but are not required to, assess punitive damages against Bradley University. The purposes of punitive damages are to punish a defendant for its conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

Radson must prove by a preponderance of the evidence that punitive damages should be assessed against Bradley University. You may assess punitive damages only if you find that the conduct of Bradley University's was in reckless disregard of Radson's rights. An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party. In determining the amount of any punitive damages, you should consider the following factors:

– the reprehensibility of Defendant's conduct;

– the impact of Defendant's conduct on Plaintiff;

– the relationship between Plaintiff and Defendant;

– the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

– the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Court's 19: Punitive Damages (given over Plaintiff's 4 and Defendant's 6)
7th Cir. Pattern 3.13

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court. Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Court's 20:  Selection of Presiding Juror: General Verdict (Agreed Instruction 17)
7th Cir. Pattern 1.32

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Court's 21:  Communication with Court
7th Cir. Pattern 1.33

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Court's 22:  Disagreement Among Jurors
7th Cir. Pattern 1.34

**<u>VERDICT FORM</u>**

1. Did Bradley University remove Darrell Radson as Dean of the Foster College of Business because he opposed discrimination on the basis of national origin?

    Yes: _____   No: _____

    (If you answered "Yes," answer the next question; if you answered "No," proceed to sign and date the Verdict Form).


2. Did Darrell Radson suffer mental or emotional pain as a result of his removal as Dean of the Foster College of Business?

    Yes: _____   No: _____


3. What amount would fairly compensate Darrell Radson for the mental or emotional pain he experienced as the result of his removal as Dean of the Foster College of Business?

    Answer:  $ _____


4. Did Bradley University act with reckless disregard of Darrell Radson's rights under the law when it removed him as Dean of the Foster College of Business?

    Yes: _____   No: _____

    (If you answered "Yes," answer the next question; if you answered "No," proceed to sign and date the Verdict Form).


5. What amount of punitive damages, if any, should be assessed against Bradley University and in favor of Darrell Radson?

    Answer:  $ _____

Sign, date, and return this Verdict Form.

Dated this _____ day of October, 2020.

_____          _____
Foreperson

_____          _____


_____          _____


_____          _____


_____          _____