UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DARRELL RADSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.    18-cv-1374-CSB-EIL |
| | ) |
| BRADLEY UNIVERSITY, | ) |
| | ) |
|     Defendant. | ) |

## Combined Motion and Memorandum of Law
## In Support of Plaintiff's Motion for Attorney Fees

NOW COMES the Plaintiff, Darrell Radson, by and through his attorney, John A. Baker, and in support of his motion seeking an award of attorney fees, states as follows:

### I. INTRODUCTION

On October 22, 2020, a jury entered a verdict in favor of Darrell Radson and against Bradley University (Doc. 38). In that verdict the jury specifically found that Radson had been removed from his position as Dean of Bradley's Foster College of Business in retaliation for opposing discrimination based on national origin discrimination. The jury also found that Radson was entitled to punitive damages in the amount of $40,000. This Court entered judgment on the verdict on October 23, 2020 (Doc. 40).

As part of the final pre-trial order that was entered in this case the parties agreed that the issue of any economic damages (back pay and back benefits) were equitable issues to be resolved by the Court after the jury trial if Radson was successful on the issue of liability before a jury

(Doc. 32).  The parties also agreed that any other equitable issues, such as front pay, would also be submitted to the Court after trial (Doc. 32).  After the verdict was announced the Court indicated that these issues should be addressed as part of post-trial briefing.  Radson intends to file a subsequent motion to amend the judgment in the near future.

Because Radson is a prevailing party he is entitled to an award of attorney fees.

As part of this filing Radson is submitting an affidavit that outlines the fees and other expenses that have been incurred.[1]

Radson seeks attorney fees in the amount of 383.75 hours[2] at $350 per hour for a total of $134,312.50.  Additionally, Radson seeks $523.25 in mileage reimbursement, $328 for photocopies, and $679.16 for necessary hotel accommodations for the trial.

---

[1] The affidavit is batestamped as "Radson Fee Affidavit 1-43" and all references to "App. __ are to the specific page of that affidavit.

[2] The hours requested are for the work performed through October 31, 2020. This motion is being filed prior to post-trial motions because it is required to be filed within 14 days of the judgment being entered.  It is anticipated that there will be post-trial motions and that Radson will seek to supplement this request.

## II. ARGUMENT

A. **Legal Entitlement to Fees**

In Title VII actions, the prevailing party may recover reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e–5(k). *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).

The Supreme Court has concluded that a plaintiff who has prevailed in a Title VII claim is entitled to an award of attorney fees absent "special circumstances." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 417, 98 S. Ct. 694, 698 (1978); *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937 (1983); *Dunning v. Simmons Airlines, Inc.*, 62 F.3d 863, 872 (7th Cir. 1995).

There is no question that Radson is a prevailing party.

B. **Proper Amount of Fees**

In *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983), the Supreme Court held the "most useful starting point for determining the amount of a reasonable fee is the number of hours expended on the litigation multiplied by a reasonable hourly wage (referred to by the Court as the "lodestar method"). *Riverside v. Rivera*, 477 U.S. 561, 568 (1986). This requires two determinations: (1) what hourly rate is reasonable under the circumstances and based upon local market rate; and (2) were the hours expended by the attorneys representing the plaintiff reasonable. *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1673 (2010).

    1. **Hourly Rate**

The first question for this court to address is whether the hourly rate for professional services sought by Radson is reasonable. In determining "reasonable hourly rates," the Supreme

Court has found that "attorney's fees awarded under are to be based on market rates for services rendered." *Missouri v. Jenkins*, 491 U.S. 274, 283, 105 L. Ed. 2d 229, 109 S. Ct. 2463; *see also Perdue v. Kenny A.*, 130 S. Ct. 1662, 1672 (2010) (holding that "in accordance with our understanding of the aim of fee-shifting statutes, the lodestar looks to 'the prevailing market rates in the relevant community.'"); *Pressley v. Haeger*, 977 F.2d 295, 299 (7th Cir. 1992). A reasonable rate is the "market rate" which is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 519 (7th Cir. 1993).

In this case Radson seeks attorney fees in the amount of $350 per hour. In support of this fee the undersigned has explained that $350 is the hourly rate that he charges clients in cases like this (App. 3). Additionally, to support this rate, the undersigned has attached two declarations for local counsel that attest that $350 per hour is the appropriate rate (App. 23-26, 44-46). Radson has also submitted a recent opinion by Judge Mihm in a federal civil rights litigation matter where the prevailing Peoria attorney (with nearly the same number of years of experience as the undersigned) was awarded $425 per hour (App. 27-43).

Radson should be awarded $350 per hour for attorney time because this rate is the rate that the undersigned charges in comparable matters, because other attorneys have attested that it is the appropriate rate for the undersigned, and this Court has recently awarded $425 per hour to an attorney with comparable experience.

2. **Reasonable Hours Expended**

The second step of the lodestar formulation is to determine whether the hours sought are for work that was reasonably expended. The undersigned has attached an affidavit and an itemization of hours worked. The hours expended were very reasonable given the nature of these proceedings. This was a case that challenged the removal of a high ranking faculty member at a large university. It involved challenging administration officials. Furthermore, many cases of this nature would be litigated by multiple attorneys, particularly at trial. In this case Radson was represented by only one attorney.

The number of hours that are requested are accurate and appropriate given the nature of these proceedings.

C. **Expenses properly allowable as part of an award of attorney fees**

Radson seeks an award for expenses that are not properly classified as "costs" under 28 U.S.C. § 1920. These expenses are travel expenses and photocopy expenses that he incurred in handling the appeal. In *Hutchinson v. Patrick*, 636 F.3d 1, 17 (1st Cir. 2011), the First Circuit explained that costs of this nature are compensable under civil rights fee statutes:

> It is settled beyond peradventure that reasonable expenses, necessary for the prosecution of a case, are ancillary to and may be incorporated as part of a fee award under a prototypical federal fee-shifting statute. see also 42 U.S.C. § 12205 (including "litigation expenses, and costs" as components of allowable fee awards). Contrary to the Commonwealth's implication, the availability of such remediation is not limited to items recoverable as court costs under section 1920. Rather, such recovery can extend to a broad range of other items, including travel expenses, computer time, and the like. *See Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 43 (1st Cir. 2006) (explaining that "such items may be recovered where appropriate as part of

attorneys' fees under the typical federal fee-shifting statute").

Radson, as part of trying the case, was required to travel to Peoria on multiple occasions. He stayed in Peoria during the trial at a reasonable hotel rate. The hourly rate for traveling back and forth between Springfield and Peoria each day of the trial would have been significantly more expensive than the cost of a hotel room for the proceedings. These costs were reasonable and necessary.

### III. CONCLUSION

For the foregoing reasons, and for the reasons outlined in his affidavit, Radson requests that this Court enter an award granting attorney fees in the following amounts:

| | |
|---|---|
| Attorney fees | $134,312.50 |
| Travel reimbursement | $679.16 |
| Mileage | $523.25 |
| Photocopies | $328.00 |

Darrell Radson


By: __/s/ John A. Baker__
    His Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62707
Telephone:   (217) 522-3445
Facsimile:   (217) 522-8234
E-mail:   jab@bbklegal.com

## CERTIFICATE OF SERVICE

      This document was filed by relying upon this Court's ECF system. No copies were served via U.S. Mail. All attorneys of record will receive a copy of this filing.

By: /s/ John A. Baker

John A. Baker  
Baker, Baker & Krajewski, LLC  
415 South Seventh Street  
Springfield, Illinois 62707  
Telephone:	(217) 522-3445  
Facsimile:	(217) 522-8234  
E-mail:	jab@bbklegal.com