UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| DARRELL RADSON, | |
| Plaintiff, | |
| v. | Case No. 18-1374 |
| BRADLEY UNIVERSITY, | |
| Defendant. | |

ORDER

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees and Costs (#42). Plaintiff requested an hourly rate of $350.00 to be awarded for 383.75 billable hours, reimbursement for hotels, parking, and mileage for Plaintiff's attorney, and copying costs. Defendant, Bradley University, filed a Response (#44) objecting to Plaintiff's proposed hourly rate for his attorney. The Court ordered (#51) Plaintiff to file his fee agreements with the Court, and Plaintiff filed a Response (#52) that proposed a revised hourly rate of $275.00. Bradley University filed a Response (#53) that acknowledged an hourly rate of $275.00 was reasonable. For the reasons explained below, Plaintiff's Motion for Attorneys' Fees (#42) is GRANTED IN PART and DENIED IN PART.

I. Introduction

At the time of trial, Dr. Darrell Radson ("Radson") had one remaining claim: that Bradley University retaliated against him in violation of Title VII of the Civil Rights Act of 1964. (Complaint #1, p. 1). Specifically, Radson alleged he was fired from his position as Dean of the College of Business at Bradley University because he raised concerns that the College of Business was discriminating on the basis of national origin. A jury trial was

held in October 2020, and the jury found that Bradley University was liable for retaliation under Title VII. (Verdict Form #38, p. 1). The jury awarded Radson $0.00 in compensatory damages and $40,000 in punitive damages. (Verdict Form #38, p. 1).

## II. Factual Background

In Plaintiff's Motion for Attorneys' Fees and Costs, Plaintiff requested the Court award him an hourly rate of $350.00. (Plaintiff Br. #42, p. 18). However, after subsequent briefing, both parties agreed that an hourly rate of $275.00 per hour was an appropriate rate. (Bradley Univ. Br. #53, p. 1); (Radson Br. #52, p. 2). Additionally, Plaintiff asked the Court to award him attorneys' fees for 383.75 billable hours. (Plaintiff Br. #42, p. 18). In response, Bradley University stated: "Bradley [University] has no intention of nitpicking Radson's counsel's billing records, either as to tasks or time spent[.]" (Bradley Univ. Br. #44, p. 2). Additionally, Bradley University did not object to the 383.75 billable hours that Plaintiff requested in the two briefs Bradley University filed. (Bradley Univ. Br. #44, p. 1-4); (Bradley Univ. Br. #53, p. 1-2).

### A. Plaintiff's Attorney – John A. Baker

Plaintiff's attorney, John A. Baker, filed a declaration in support for his Motion for Attorneys' Fees. (Plaintiff Aff. #42-1, p. 1). The declaration stated that Mr. Baker has been licensed in Illinois since 1998. Additionally, Mr. Baker's practice focuses on plaintiff-side civil rights and employment law, and these matters comprise about 90% of his practice. (Plaintiff Aff. #42-1, p. 1). Plaintiff stated that he charges clients an hourly rate of $275.00 for cases that have the potential to go to a federal jury, but he also charges an hourly rate of $350.00 in cases where he obtains a successful verdict or settlement. (Plaintiff Aff. #42-1, p. 3).

### B. Evidence of Reasonable Hourly Rate

Plaintiff provided evidence on what constituted a "reasonable attorney's fee" by filing affidavits from attorneys that practice in the Central District of Illinois. Carl R. Draper has been practicing in the Central District of Illinois since 1981, and his affidavit stated that a reasonable fee in the Central District of Illinois for an attorney with Mr. Baker's experience was $350.00 an hour or more. (Plaintiff Aff. #42-2, p. 2). Additionally,

Plaintiff provided a signed affidavit by Mr. Grady Holly. (Plaintiff Aff. #43-1, p. 1-3). Mr. Holly has been practicing in the Central District of Illinois since 1970, and his affidavit stated that he was awarded a $350.00 hourly rate by the Central District of Illinois for a civil litigation matter in 2020. (Plaintiff Aff. #43-1, p. 2). Lastly, Plaintiff noted that a prevailing attorney in the Central District of Illinois was awarded an hourly rate of $425.00 in a federal civil rights matter. (Plaintiff Br. #42, p. 4).

### III.   Legal Standard

#### A.  Attorneys' Fees

"In Title VII actions, the prevailing party may recover reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e–5(k)." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011). "To determine a reasonable fee, the district court uses the lodestar method, multiplying the 'number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.' "*Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (quoting *Hensley,* 461 U.S. at 433, 103 S. Ct. 1933)). "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).

The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed.[1] *Pickett*, 664 F.3d at 640; *Hensley*, 461 U.S. at 438. The Seventh Circuit presumes "an attorney's actual billing rate for similar litigation is appropriate to use as the market rate." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). If a fee applicant does not satisfy its burden, the district court has the authority to make its own determination of a reasonable rate. *Pickett*, 664 F.3d at 640 (citing *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 409 (7th Cir. 1999)). The Court has an obligation to "exclude from this initial fee calculation hours that were not reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotation marks omitted).

---

[1] Parties cannot recover attorneys' fees or paralegals' fees for tasks that can be delegated to a non-professional. *Nichols v. Illinois Dep't of Transportation*, 2019 WL 157915, at *6 (N.D. Ill. Jan. 10, 2019).

3

"[A] district court has significant discretion in determining the lodestar, [but] it cannot base its decision on an irrelevant consideration or reach an unreasonable conclusion." *Johnson v. GDF, Inc.,* 668 F.3d 927, 929 (7th Cir. 2012). Moreover, the Court is "not obligated to conduct a line-by-line review of the bills to assess the charges for reasonableness." *Rexam Beverage Can Co. v. Bolger*, 620 F.3d 718, 738 (7th Cir. 2010). Additionally, a "request for attorney's fees should not result in a second major litigation." *Nichols v. Illinois Dep't of Transportation*, 2019 WL 157915, at *11 (N.D. Ill. Jan. 10, 2019) (internal quotation marks omitted).

"The Supreme Court has made clear that courts are to use the lodestar method to calculate the statutory fee even when the attorney does not bill by the hour." *Pickett*, 664 F.3d at 641. "The contingent fee arrangement creates the need to look to evidence of comparable lawyers—but these comparable lawyers must bill by the hour in order to help with the lodestar calculations." *Pickett*, 664 F.3d at 642. The district court has a duty to prevent windfall recovery to attorneys in fee-shifting cases. *Id*. at 643. "However, this duty and its attendant discretion involve only the determination of whether the hours requested and the rate requested are reasonable." *Pickett,* 664 F.3d at 643.

### B. Reasonable Costs

Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P 54(d)(1); *see also Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017). "Courts consider two factors in assessing costs against the non-prevailing party: (1) whether the cost is [statutorily] recoverable; and (2) whether the amount assessed is reasonable." *Gecker as Trustee for Collins v. Menard, Inc.*, 2020 WL 1077695 at *1 (N.D. Ill. Mar. 6, 2020) (citing *Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000)); *see also Hillman v. City of Chicago*, 2017 WL 3521098, at *2 (N.D. Ill. Aug. 16, 2017). Pursuant to 28 U.S.C. § 1920, the following costs are recoverable:

> (1) Fees of the clerk or marshal; (2) Fees of the printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are

4

> necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title[.]

*Hulsh v. Hulsh*, 2020 WL 6381362 at *4 (N.D. Ill. Oct. 30, 2012); *Hillmann v. City of Chicago*, 2017 WL 3521098, at *2 (N.D. Ill. Aug. 16, 2017); 28 U.S.C. § 1920. Under Rule 54(d), "district courts enjoy wide discretion in determining and awarding reasonable costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). However, there is a "presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Hillmann v. City of Chicago*, 2017 WL 3521098, at *2 (N.D. Ill. Aug. 16, 2017).

### IV. Analysis

#### A. Requested Attorneys' Fees

In Plaintiff's Motion for Attorney's Fees, Plaintiff requests an hourly rate of $275.00. The Court holds an hourly rate of $275.00 is reasonable because: (1) this rate reflects the market rate for similar litigation in the Central District of Illinois; (2) this rate is within the range Plaintiff charges for similar litigation; and (3) Bradley University and Radson agree that $275.00 was an appropriate hourly rate. (Bradley Univ. #53, p. 1); (Radson Br. #52, p. 2). Plaintiff's request for a $275.00 hourly rate is granted.

The Court holds that Plaintiff's request for 383.75 billable hours is granted because this time was reasonably expended on this case. (Plaintiff Aff. #42-1, p. 5-18). The Court reviewed every line item of Plaintiff's Bill of Costs, and the Court concludes: (1) these tasks were necessary; (2) these tasks required an attorney; and (3) these tasks were completed in a timely fashion. (Plaintiff's Attorney Aff. #42-1, p. 5-18). Additionally, the Court notes Bradley University did not challenge the number of hours Plaintiff's attorney submitted for this case. (Bradley Univ. Br. #44, p. 2) ("Bradley [University] has no intention of nitpicking Radson's counsel's billing records, either as to tasks or time spent[.]"). Therefore, the Court holds Plaintiff's 383.75 hours were reasonably expended

on this case and awards Plaintiff attorneys' fees for 383.75 hours. For these reasons, the Court awards Plaintiff $105,531.25 in attorneys' fees.

### B. Requested Costs – Attorneys' Travel & Photocopies

In Plaintiff's Motion for Attorneys' Fees and Costs, Plaintiff requests: (1) $679.16 for his attorney's hotel and parking costs, (2) $523.25 for his attorney's mileage for traveling during the course of this litigation, and (3) $328.00 for photocopies.[2] (Plaintiff Br. #42, p. 6); (Plaintiff's Attorney Aff. #42-1, p. 19-21). Travel and lodging costs for Plaintiff's attorney are not recoverable under 28 U.S.C. § 1920. *Movitz v. First Nat. Bank of Chicago*, 982 F. Supp. 571, 577 (N.D. Ill. Oct. 23, 1997) (stating travel costs of attorneys are not recoverable under 28 U.S.C. § 1920); *Olesky v. General Electric Co.*, 2016 WL 7217725 at *10 (N.D. Ill. Dec. 12, 2016). However, Plaintiff's attorney's travel and lodging costs are reimbursable as attorneys' fees. *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997) (holding that attorneys' travel and related expenses are reimbursable under attorneys' fees). The Court awards Plaintiff $679.16 for his attorney's hotel and parking costs and $523.25 for his attorney's mileage reimbursement.

The Court holds the $328.00 fees for photocopies are recoverable because these copies were necessary for the litigation. The Court notes that copies of the depositions and exhibits were used during trial, and the Court holds their use was necessary to effectively conduct the trial. *Stranski v. Homer Township Highway Dept.*, 2010 WL 3824102 *3 (N.D. Ill. Sept. 23, 2010) ("[T]he prevailing party may recover the costs of photocopies that are reasonably necessary for use in the case."). The Court awards Plaintiff $328.00 for photocopies.

### V.   Conclusion

For the reasons provided above, Plaintiff's Motion for Attorneys' Fees and Costs (#42) is GRANTED IN PART and DENIED IN PART. Plaintiff's initial request for a

---

[2] The Court believes Plaintiff's Motion for Attorneys' Fees mistakenly refers to "Radson" when it should refer to "Radson's attorney." *See* (Radson Br. #42, p. 6); (Plaintiff's Attorney Aff. #42-1, p. 19-21). The Court's conclusion is supported by the Affidavit signed by Plaintiff's attorney which asserts that these hotel, parking, and mileage costs are for Attorney John Baker, not Radson. (Plaintiff's Attorney Aff. #42-1, p. 19-21).

$350.00 hourly rate is DENIED. Plaintiff's revised request for a $275.00 hourly rate and 383.75 billable hours is GRANTED. The Court awards Plaintiff $105,531.25 in attorneys' fees, $328.00 for photocopies, $679.16 for his attorney's lodging and parking costs, and $523.25 for his attorney's mileage reimbursement. Plaintiff may supplement his Motion for Attorneys' Fees for the fees incurred after his Motion was filed.

ENTERED this 29th day of March, 2021.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE
